IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TRAMPE and KELLY TRAMPE,<br><br>          Plaintiffs,<br><br>v.<br><br>HOFFMAN TRUCKING INCORPORATED and CLINTON L. RASMUSSEN,<br><br>          Defendants. | Case No. 20-CV-00502-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is the Motion to Compel Medical Examination Pursuant to Federal Rule of Civil Procedure 35(a) Without Videotape/ Recording or Third-Party Attendance filed by Defendants Hoffman Trucking Incorporated and Clinton L. Rasmussen, along with their memorandum in support of the motion (Docs. 25, 26). Plaintiffs David Trampe and Kelly Trampe oppose the motion and filed their response (Doc. 28).

Pursuant to FED. R. CIV. P. 35(a), Defendants have arranged to have Dr. R. Peter Mirkin, an orthopedic surgeon, conduct an independent medical examination of Plaintiff David Trampe. Plaintiffs' counsel has indicated that he intended that the physical examination be videotaped, recorded, or that a third-party, possibly Plaintiff David Trampe's wife, Co-Plaintiff Kelly Trampe, accompany him in the examination room. Defendants have objected to all of these proposed options, stating that Dr.

Mirkin does not allow videography, a recording of the examination, or the attendance of a third-party. Defendants request the Court to compel Plaintiff David Trampe's appearance at the examination without any of these proposed options.

Rule 35(a) provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Since Rule 35(a) does not specify whether a party has the right to attendance of a third-party during the examination, the issue is left to the discretion of the Court. *See Newman v. Gaetz,* 2010 WL 4928868, *1 (N.D.Ill. Nov.29, 2010) (citing *Morrison v. Stephenson,* 244 F.R.D. 405, 406 (S.D.Ohio 2007)). 735 ILCS 5/2-1003(d) states that:

> Whenever the defendant in any litigation in this State has the right to demand a physical or mental examination of the plaintiff pursuant to statute or Supreme Court Rule, relative to the occurrence and extent of injuries or damages for which claim is made, . . . plaintiff has the right to have his or her attorney, or such other person as the plaintiff may wish, present at such physical or mental examination.

The Court finds the Illinois statute instructive on the matter and **GRANTS in part** and **DENIES in part** the Motion to Compel (Doc. 25). The Court **ORDERS** that Defendants must allow the quiet attendance of a third-party at the independent medical examination of Plaintiff David Trampe, but does not order videography or other recording as an alternative. Dr. Mirkin certainly does not have to agree to serve as an expert in this matter should he find the presence of a third-party unacceptable. The Court **REMINDS** Plaintiffs' counsel that he should be reluctant to involve himself in the examination. If a question arises concerning the responses made by

Plaintiff, counsel may find himself in the unenviable position of being a witness during the trial. *See* ILL. RULES OF PROF. CONDUCT, Rule 3.7.

**IT IS SO ORDERED.**

**DATED:   November 20, 2020**

> s/ *Stephen P. McGlynn*
> **STEPHEN P. MCGLYNN**
> **U.S. District Judge**